**Appeal of Louise McCall HOGAN.**

**Russell MARKS; Proctor Evers; J. Q. Brown; Buck Carter; Mrs. C.C. Darden; Bill P. Walden; Fred B. Hudgens; Billy S. Ball; Joe E. Evants; John H. Robertson; Reece Stanley; LaVerne Rabbins and Ross Bryan, Appellants,**

v.

**Harold BROWN, Individually and as Secretary of the United States Department of Defense; John A. Moellering, District Engineer of the Vicksburg District of the United States Corps of Engineers; Ed. J. Kilpatrick, Chief, Real Estate Division, Department of the Army, Vicksburg District, United States Corps of Engineers, Appellees.**

No. 81–1350.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 10, 1981.

Decided Dec. 10, 1981.

Byron L. Freeland, argued, Mitchell, Williams, Gill & Selig, Little Rock, Ark., for appellants.

Carol E. Dinkins, Asst. Atty. Gen., Washington, D. C., Larry R. McCord, U.S. Atty., J. Michael Fitzhugh, Asst. U. S. Atty., Fort Smith, Ark., Dorothy R. Burakreis, Anne S. Almy, Thomas H. Pacheco, argued, Attys., Dept. of Justice, Washington, D. C., for appellees.

Before HEANEY and McMILLIAN, Circuit Judges, and BENSON,* District Judge.

PER CURIAM.

This is an appeal from a final judgment entered in the District Court [1] for the Western District of Arkansas dismissing with prejudice two complaints challenging the adequacy of the environmental impact statements prepared by the Army Corps of Engineers for the Ouachita and Black Rivers Navigation Project in Arkansas and Louisiana. We affirm.

As described by the district court in its memorandum opinion, the Ouachita and Black Rivers Navigation Project is

a plan of improvement along an existing navigation channel in the Black and Ouachita Rivers extending from the mouth of the Black River in Louisiana to Camden, Arkansas. The proposed improvements consist of: deepening the navigation channel to provide a minimum depth of 9 feet on a bottom width of 100 feet; construction of new 84-foot by 600-foot locks and new dams at Felsenthal and Calion, Arkansas; channel realignment on the Ouachita River; a 5-foot seasonal fish and wildlife pool superimposed on the Felsenthal navigation pool; and the establishment of a 65,000 acre National Wildlife Refuge in connection with the Felsenthal Lock and Dam and an 18,000 acre Refuge in connection with the Columbia Lock and Dam.

*Hogan v. Brown*, 507 F.Supp. 191, 197 (W.D.Ark.1981). The Refuge was purportedly proposed and authorized as mitigation lands, that is, to offset the environmental damage caused by the construction of the navigation project.

Appellants are owners and lessors of property located within the boundaries of the Felsenthal National Wildlife Refuge (Refuge). Appellants do not oppose the construction of the navigation project as such, but challenge both the establishment of the Refuge and the creation of the fish and wildlife pool. The navigation pool created by the navigation project will permanently flood about 15,000 acres of the Refuge; the fish and wildlife pool will seasonally flood an additional 24,000 acres. Thus, approximately 39,000 acres of the Refuge will be subject to permanent or temporary flooding. About one-third of appellants' property will be permanently flooded by the navigation pool; most of the remaining two-thirds will be seasonally flooded by the proposed fish and wildlife pool *Id.* at 202.

Appellants argued that the environmental impact statements prepared by the Corps of Engineers for the navigation project did not adequately discuss the environmental impacts or alternatives to the creation and operation of the Refuge as required by the National Environmental Policy Act of 1969 (NEPA), § 102(2)(C), 42 U.S.C. § 4332(2)(C). Following a consolidated trial the district court found that the

---

* The Honorable Paul Benson, Chief Judge, United States District Court for the District of North Dakota, sitting by designation.

1. The Honorable Elsijane Trimble Roy, United States District Judge for the Western District of Arkansas.

environmental impact statements satisfied the procedural requirements of NEPA and dismissed their complaints. We have carefully reviewed the record and cannot say the district court's findings are clearly erroneous.

Accordingly, the judgment of the district court is affirmed.